# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FLOYD C. SAUVE,

                              Petitioner,

v.                                                    Case No. 18-CV-932-JPS

WARDEN RANDALL R. HEPP,

                                                              **ORDER**

                              Respondent.

Petitioner, who is incarcerated at Fox Lake Correctional Institution, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* (Docket #1). On July 5, 2018, Petitioner filed his first motion requesting the appointment of counsel, (Docket #12), which the Court denied, (Docket #13). Petitioner filed a second motion requesting court-appointed counsel on August 13, 2018. (Docket #14). That motion was also denied, in an order issued August 22, 2018. (Docket #15).

The very next day, on August 23, 2018, the Court received a motion for reconsideration of the first denial of counsel. (Docket #16). The motion is dated August 21, 2018, so it clearly was drafted and mailed to the Court for filing before Petitioner received the Court's order on his second motion for counsel. *Id.* at 1. In any event, whether he seeks reconsideration of the first or second denial of counsel, the request must be denied. The Court has already laid out the relevant legal principles for Petitioner twice, so it will not repeat that discussion here. *See* (Docket #15 at 1–2).

In its prior orders, the Court carefully explained that Petitioner's requests for counsel were without merit because he: (1) failed to show he

was indigent; (2) failed to provide evidence that he had made reasonable, unsuccessful attempts to secure counsel on his own; and (3) failed to show that this matter exceeded his ability to litigate. *Id.* at 2. In his latest submission, he has solved only the first problem; he has provided satisfactory evidence that he is, in fact, indigent. *See* (Docket #16-1, #16-2).

But he still has not provided evidence that he made reasonable attempts to obtain his own attorney. The Court clearly instructed him that to satisfy this requirement, Petitioner must "submi[t] copies of several rejection letters he has received from counsel he solicits for representation with respect to this matter." (Docket #15 at 3). Petitioner did not do this. Instead, he simply repeated the assertion, made in his prior two requests for counsel, that the attorneys he has corresponded with have asked for exorbitant retainers. (Docket #16 at 2). This may be true, but given the dearth of competent, willing counsel for matters brought by *pro se* prisoners, the Court must insist that copies of the letters be provided. The Court will not take Petitioner at his unsworn, uncorroborated assertion that reasonable efforts have been made.

Additionally, Petitioner continues to provide unpersuasive reasons that counsel should be appointed for him. Indeed, he simply repeats the reasons he earlier gave, including his opinion of the strength of his case and the fact that he largely copied his petition from his state post-conviction lawyer's briefs. *Id.* at 1–2. The Court addressed these circumstances in its last order and found that they do not warrant the appointment of counsel at this time. (Docket #15 at 3–4). A motion for reconsideration is not an opportunity to repeat failed arguments. *Wickens*

*v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010); *Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001).

Moreover, assuming Petitioner copied his habeas petition, it remains true that his motions for appointment of counsel—which he undoubtedly drafted himself—show a competent grasp of the relevant facts and law. Of course, the motions are without legal merit, but this alone does not mean that Petitioner needs counsel. He suggests that because he failed to submit evidence of his indigency in prior motions, he clearly lacks the ability to litigate. (Docket #16 at 2). The Court disagrees. First, he solved the problem after receiving the Court's instruction, and second, such a minor error is not indicative of the kind of litigation incompetence that warrants the appointment of a lawyer. Again, the question is whether Petitioner can adequately present evidence, make arguments, and attend to litigation tasks on his own, not whether a lawyer would do a better job. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Nothing in the record indicates that Petitioner is unable to perform these functions. His motion for reconsideration must, therefore, be denied. Further, the Court cautions Petitioner that if he files similar motions in the future that merely repeat prior arguments, they will be summarily denied.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration of the Court's order denying his motion for appointment of counsel (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge